# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EFRAIN GONZALEZ; YESSENNIA CANDELARIA AND THEIR CONJUGAL COMMUNITY BOTH BY THEMSELVES AND IN DERIVATIVE CAPACITY OF ORGANIC MED GROWERS, INC.<br>Plaintiffs<br><br>v.<br><br>OMG PUERTO RICO LLC; ORGANIC MED GROWERS, INC.; JUAN ALVAREZ; RONALD S. CASTILLO,CANDY CASTILLO AND THEIR CONJUGAL COMMUNITY; MARTIN AVILES, CARMEN AVILES AND THEIR CONJUGAL COMMUNITY; JEFFREY SWETNAM, JANET SWETNAM AND THEIR CONJUGAL COMMUNITY; RAY PITRE; GEORGE STADLER, JANE STADLER AND THEIR CONJUGAL COMMUNITY; ROY CHU, JANE CHU AND THEIR CONJUGAL COMMUNITY; WILLIAM ZEICHNER, ROSE ZEICHNER AND THEIR CONJUGAL COMMUNITY; FÉLIX ROSA, JANE ROSA AND THEIR CONJUGAL COMMUNITY;<br>Defendants | CIVIL NO.<br><br>DERIVATIVE ACTION; REIVERSHIP AND / OR JUDICIAL ADMINISTRATION; ACCOUNTABILITY; INJUNCTION; FRAUD; VIOLATION OF FIDUCIARY DUTIES; TORTS; DECLARATORY JUDGEMENT; DISQUALIFICATION OF LEGAL REPRESENTATIVES |

## COMPLAINT

**TO THE HONORABLE COURT**:

COMES NOW Efrain Gonzalez, Yessennia Candelaria, and their conjugal community partnership, without waiving any applicable defense or objection, trough the undersigned attorney, states, alleges and prays as follows:

Before the Honorable Court is Plaintiff's primary request for a derivative action seeking enforcement to protect Organic Med Growers, Inc rights and assets under the Puerto Rico General

1

Corporation Act and the fraudulent illegal actions against the business of the corporation by defendants. Defendants have continued acting against Organic Med Growers, Inc., (we make reference to case Civil No. 3:20-CV-01258 where the same directors alleged being a majority fraudulently). Not only defendants have illegally acted to remove the plaintiffs as directors from the OMG, Inc. corporate structure, but recently created another corporation, OMG Puerto Rico LLC and merged with Organic Med Growers, Inc. with the only intention to dissolve Organic Med Growers, Inc. and steal the most valuable assets of the corporation, two licenses of medicinal Cannabis; one for manufacture (CM-2019-167) and one for cultivation (CM-2019-168), that will cause irreversible damages to Organic Med Growers Inc.  The licenses are the most valuable assets of the corporation.

I.   JURISDICTION AND VENUE OF THE COURT

The jurisdiction and competence of this Honorable Court over the title lawsuit arises in accordance with the provisions of 28 U.S. Code § 1332, Diversity of citizenship.  Supplemental Jurisdiction comes from Article 12.06 of the Corporation General Law of 2009 on Derivative Action of the corporation. (14 L.P.R.A. § 3786).

II.  PARTIES

1. The co-plaintiffs, Efraín González, married to Yessennia Candelaria, both of legal age, doctors in medicine and residents of Rockling, California, (but Efrain Gonzalez is 6 months in each place). He and his wife are the majority shareholders with more than 51% in agreement with their invention as owners, effort and investment in Organic Med Growers, Inc. Their address is 2346 Clubhouse Drive, Rockling, California 95765. In Puerto Rico Efraín González known address is Sector Playa # 5 Calle Salmon, Ponce, Puerto Rico 00716.

2. Organic Med Growers, Inc., hereinafter Organic, is a corporation organized under the Puerto Rico Corporations Law, with registration number 380737 in the Department of State, Division of Corporations, whose physical and postal address is Number 5 Calle Salmon, Ponce, Puerto

00716; It was recently assigned as the address of the resident agent CT Corporation System at 361 San Francisco St. 4th Floor, San Juan, PR 00901. The directors and officers currently listed and registered in the Department of State were illegally designated. (**EXHIBIT 1**)

3. OMG Puerto Rico LLC is a corporation organized under the Puerto Rico Corporation Law, with registration number 445325 in the Department of State, Division of Corporations, with physical and postal address of the resident agent CT Corporation System in 361 San Francisco St. 4th Floor, San Juan, PR 00901. It was created as a subterfuge to defraud Organic Med Growers, Inc. (**EXHIBIT 2**)

4. Juan Alvarez - He is a person who is not a shareholder, nor co-owner, nor participant of the Organic Med Growers, Inc. corporation, who by fraud currently appears as a member of the illegally appointed Board of Directors. His address is 180 C / José Fidalgo Diaz, Apt. 1401, San Juan, PR 00926.

5. Ronald Steven Castillo and his wife, Candy Castillo, the later whose existence is real and known but plaintiff does not recall her name so at this time named as Candy Castilo (believed to have the nick name Candy), both forming a legal conjugal community between them - Mr. Castillo is a person who is not a shareholder or participant of Organic Med Growers, Inc, but he was hired by Efrain Gonzalez to be in charge of the construction of the facilities for the business. Fraudulently he currently appears as a member of the also illegally named Board of Directors of Organic Med Growers, Inc. His physical address is Mansiones del Monte A-1, Ponce, PR 00732. His postal address is PO Box 10042, Ponce, PR, 00732.

6. Martin Aviles and his wife Carmen Aviles, both form a conjugal partnership. Mr. Aviles, alleged director of the board, listed his physical address at Calle Salmón, Playa de Ponce Lote 5 # Bulk, Ponce, PR, 00716. Their postal address is 100 Katelynn Circle, Natchitoches, LA, 71457.

7. Jeffrey Swetnam and his wife Janet Swetnam, both form a conjugal partnership. Mr. Swetnam,

alleged director of the board, listed his physical address at Calle Salmón, Playa de Ponce Lote 5 # Bulk, Ponce, PR, 00716. Their postal address is 4096 Bridgewater Lane, Fayetteville, AR, 72703.

8. Ray Pitre. Mr. Pitre, alleged director of the board, listed his physical address at Calle Salmón, Playa de Ponce Lote 5 # Bulk, Ponce, PR, 00716. His postal address is PO Box 16014, Sugar Land, TX, 77496.

9. George Stadler and his wife Jane Stadler, both form a conjugal partnership. Mr. Stadler, alleged chairman of the board, listed his physical address at Calle Salmón, Playa de Ponce Lote 5 # Bulk, Ponce, PR, 00716. Their postal address is 64 Cannonball Court, Inlet Beach, FL, 32461. At present, the real name of Gorge Stadler wife is unknown, but she is real by knowledge. Her name will be substituted after discovery.

10. Roy Chu and his wife Jane Chu, both form a conjugal partnership. Mr. Chu, alleged director of the board, listed his physical address at Calle Salmón, Playa de Ponce Lote 5 # Bulk, Ponce, PR, 00716. Their postal address is 8190 Landing South, Atlanta, GA, 30350. At present, the real name of Roy Chu wife is unknown, but she is real by knowledge. Her name will be substituted after discovery.

11. William Zeichner and his wife Rose Zeichner, both form a conjugal partnership. Mr. Zeichner alleged is an alleged shareholder. Their address is unknown. At present the name of Mr. Zeichner's wife is unknown, and she is under the fictitious name as Rose Zeichner. Her name will be substituted after discovery.

12. Felix Rosa and his wife Jane Rosa, both form a conjugal partnership. Mr. Rosa is an alleged shareholder. Their address is unknown. At present the name of Mr. Rosa's wife is unknown, and she is under the fictitious name as Jane Rosa. Her name will be substituted after discovery.

## III. STATEMENT OF MATERIAL FACTS

13. Organic Med Growers, Inc. is a corporation dedicated to providing health services through production of medicinal Cannabis products.

14. Organic Med Growers, Inc. is authorized by the Department of Health to produce, distribute and supply medicinal Cannabis products to dispensaries that have pharmacy functions for the sale of medicinal Cannabis products. The business is a highly regulated activity and deals with the health of patients with licenses to acquire medicinal Cannabis. Organic Med Growers, Inc.is an activity of public interest.

15. Organic Med Growers, Inc., possess two licenses for medicinal Cannabis, one for manufacture (CM-2019-167) and one for cultivation (CM-2019-168) emitted in 2019 by the Department of Health, Office of Medical Cannabis.

16. The license process before the Department of Health is a rigorous one, meaning that the licenses are the most precious assets of Organic Med Growers, Inc., which warrant the potential for the business growth.

17. Co-plaintiff Efrain Gonzalez is the founder of the functions of Organic Med Growers, Inc. business, who came with the idea and dealt since the beginning with the puzzles to create the business. Gonzalez had to cope with Hurricane Maria; the suicide of the chemist Alberto Jaramillo; 2020's earthquakes; and the Covid-19 pandemic.  Also, he had to deal with Ronald Steven Castillo responsibilities in the construction process, which has not finished the construction phase.

18. At the end of 2019 and the beginning of 2020, some investors, that are co-defendants, except Ronald S. Castillo and Juan Alvarez (this last one was not in the scenario yet), were trying to reach certain agreements with Efrain Gonzalez, alleging "as minorities in the corporation" that they wanted to move forward with the business, including to sell their shares or that Plaintiffs

sell theirs or part of their shares to other investors. **(EXHIBIT 3)** This group minimized the serious catastrophic effects of hurricane Maria, the suicide of the chemist, the earthquakes and the pandemic, along with the slowness of Mr. Castillo in the construction, but questioning Efrain Gonzalez.

19. The minority shareholders, Martin Aviles, Jeffrey Swetnam, Ray Pitre, George Stadler and Roy Chu were being represented in the negotiations at that time by the McConnell Valdes law firm. Even McConnell Valdes attorneys sent Efrain Gonzalez an agreement that his clients (natural persons not a corporation), wanted to reach at that time as a minority **(EXHIBIT 4)**.

20. At the time of those negotiations, at the end of 2019 and early 2020, the Board of Director of Organic Med Growers Inc. was composed of Efrain González as president and treasurer and Ronald S Castillo as secretary and vice-president (**EXHIBIT 5**).

21. Suddenly, on June 12, 2020, defendants made an "Unanimous Written Consent of The Board of Directors of Organic Med Growers Inc.", where they agree to merge the Organic Med Growers, Inc. with and into OMG Puerto Rico LLC. (the "Merger Agreement"). The same participants of the said document repeated the merger as stockholders titled "Organic Med Growers Inc. Written Consent in Lieu of Meeting of the Stockholders June 12, 2020. Also, we include Felix Rosa and William Zeichner because they voted as alleged shareholders in the merging agreement by stockholders. They also acted against Organic Med Growers, Inc. objectives.

**EXHIBITS 6a and 6b.**

22. The illegal elected directors did not notify Efrain Gonzalez or Yessennia Candelaria of the meeting for the agreement to merge Organic Med Growers, Inc. with another corporation.  They are repeating the same wrongful conduct as when, as minority participants or "shareholders", fraudulently brought non stockholders as back up to create a majority for the purpose to remove Efrain and Yessennia from the Board of Directors. (we make reference to case Civil No. 3:20-

CV-01258).

23. The fact is that defendants created a new corporation named OMG Puerto Rico LLC and are presently intending to merge it with Organic Med Growers, Inc.  If the Cannabis Regulation Board of the Department of Health approves the merger in order to transfer Organic Med Growers license to OMG Puerto Rico LLC, then the merging act will take over as stated in the "Unanimous" Shareholders Agreement and Corporate Resolution done on June 12, 2020, which we respectfully consider a fraudulent scheme to eliminate or dissolve Organic Med Growers, Inc, and the plaintiffs proprietary rights, with the intention to transfer Organic Med Growers, Inc, licenses to OMG Puerto Rico LLC. Again, the act *per se* is illegal, but moreover, it is important to understand that they did not have the power and authority to do so because they are not the majority of stockholders.

24. Both documents previously described as Exhibit 6a and 6b shows that the same directors and the same stockholders participated as members of Organic Med Growers, Inc. to merge it to the new corporation created by them, OMG Puerto Rico LLC, of which they are also in the same positions as directors and stockholders.  Such an action is contrary to law.

25. The real fact is that defendants created the corporation OMG Puerto Rico LLC, that will use the same building and same assets property of Organic Med Growers, Inc. and to do the same functions and objectives of the later, without any other excuse than to make Organic Med Growers, Inc. disappear and transfer the licenses, affecting the original corporation and eliminating the plaintiffs with an arbitrary monetary amount.  Plaintiffs were not notified of the meeting to determine the merger.  There is no real need for the merging. The merger does not benefit Organic Med Growers, Inc.

26. There is no real and tangible excuse to create a new corporation that will do the same function and business that Organic Med Growers, Inc. was doing until the sequestration of the business

by the illegal directors.

27. It is a fact that co-defendants Martin Aviles, Jeffrey Swetnam, Ray Pitre, George Stadler, Roy Chu, Juan Alvarez and Ronald S Castillo violated their fiduciary duties and acted in bad faith. We include Felix Rosa and William Zeichner because they voted as alleged shareholders in the merging agreement by stockholders. They also acted against Organic Med Growers, Inc. objectives.

28. In relation to the merge, their bad faith is in violation of Article 4.05 of the Puerto Rico General Corporations Law of 2009.

29. The purpose of organizing OMG Puerto Rico LLC is to transfer the licenses and steal the business for the distribution of produced Cannabis products to be distributed to dispensaries that Organic Med Growers Inc. have been doing business with.

30. At the same time, Martin Aviles, Jeffrey Swetnam, Ray Pitre, George Stadler, Roy Chu, Juan Alvarez and Ronald S. Castillo are eliminating Efrain Gonzalez and Yessenia Candelario as stakeholders. They are carrying out an illegal phase out of Organic Med Growers, Inc to transfer to OMG Puerto Rico LLC the entire business, transfer the Organic most valuable assets, the licenses, destroying the finality for which Organic Med Growers Inc. was created. At the same time, the above-mentioned group and the new corporation are depriving plaintiffs of their proprietary rights.

31. Also, when defendants took over the direction of Organic Med Growers Inc., they closed the manufacture of the company to affect the business, act that we understand was to devaluate Organic Med Growers Inc. as part of the scheme to continue with the changes toward the merge.

32. The potential of Organic Med Growers Inc. business is evident because Efrain Gonzalez is still receiving calls from many dispensaries requesting the corporation Medicinal Cannabis

products, but defendants have truncated that potential for Organic Med Growers, Inc. This support the allegation of a fraudulent scheme created by defendants with the only intention to affect Organic Med Growers Inc. name and push OMG Puerto Rico LLC to surface.

33. The actions of the individual co-defendants, Martin Aviles, Jeffrey Swetnam, Ray Pitre, George Stadler, Roy Chu, Juan Alvarez and Ronald S. Castillo constitute a violation of the fiduciary duties imposed by 14 L.P.R.A. sec. 3563. Said codefendants have neglected their duty of loyalty to the corporation that they administer, 14 L.P.R.A. see. 3564, for the purpose to derive personal benefit after dissolving the first corporation.

34. As it also surfaces from **EXHIBITS 6a and 6b**, the merger effective date will take place when the Medicinal Cannabis Regulatory Board of the Department of Health of Puerto Rico approves such merger, so the fraudulent and illegal merge can still be stop.

35. If the Department of Health Medicinal Cannabis Regulatory Board comes to the knowledge that the reason for transferring the business from Organic Med Growers Inc., to OMG Puerto Rico LLC responds to the intention to support a competing business and deprive Organic Med Growers, Inc of its business and licenses, and affecting proprietary rights, providing information to the agency hiding the real story, it will not allow the transfer of the licenses because is prohibited by 14 L.P.R.A. § 3565.

36. In the other hand, it is also a fact that defendants in the Agreement and Plan of Merger, which is part of **EXHIBITS 6a and 6b**, agree that in the effective date, the outstanding stock of the merging corporation shall be automatically cancelled without the necessity of any action on the part of the holder and Efrain Gonzalez and Yessennia Candelaria, shareholders of the common stock of the merging corporation shall receive each, as cash consideration in exchange for their stock ownership, $125,000.00 each.  This arbitrary buy out is illegal, because it was agreed under the same fraudulent scheme of the directors that decided in the merger. Again, we sustain,

they are not a majority.

37.  Having the defendant stated its intention to definitively transfer the operations of Organic Med Growers, Inc. to OMG Puerto Rico LLC and deprive plaintiffs from the Medicinal Cannabis business, dissolving a corporation that has already the licenses required to continue operations, we appear before the Court in search of a remedy to avoid the above illegal actions.

## IV.  FIRST CAUSE OF ACC1ON: DERIVATIVE ACTION. INJUNCTION AND / OR ORDER TO REFRAIN FROM DOING AND SINDICATURE AND / OR JUDICIAL ADMINISTRATION

38. All the alleged facts above are incorporated by reference to this cause of action.

39. A derivative action is two causes of action: it is an action to compel the corporation to sue and it is an action brought by a shareholder on behalf of the corporation to redress harm to the corporation. *Aronson v. Lewis*, 473 A.2d 805, 811 (Del. 1984).

40. A derivative action allows shareholders to monitor and redress harm to the corporation caused by management where it is unlikely that management will redress the harm itself. *Meyer v. Fleming*, 327 U.S. 161, 167 (1946). The purpose of the derivative action is to place in the hands of the individual shareholder a means to protect the interest of the corporation from the misfeasance and malfeasance of 'faithless directors and mangers'" (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 548 (1949)); *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 95 (1991) (same); *Jones v. H. F. Ahmanson & Co.*, 1 Cal. 3d 93 (1969). Thus, 'the action is derivative, i.e., in the corporate right, if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, **or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets.**").

41. Rule 23.1 of the Federal Rules of Civil Procedures deals with derivative actions. However, the

jurisprudence has determined that the state statutes on derivative actions are favored. The Puerto Rico General Corporations Rule 12.6 states on the derivative action.

42. In this claim, the aforementioned facts reveal the existence of a plan arranged by co-defendants, Martin Aviles, Jeffrey Swetnam, Ray Pitre, George Stadler, Roy Chu, Juan Alvarez and Ronald S. Castillo to deprive Organic Med Growers, Inc. of all assets and value, and transfer them to OMG Puerto Rico LLC, a recently crated entity, wholly created by them.  The purpose of such conduct is fraudulent to the plaintiffs and ultimately destroys Organic Med Growers, Inc., without any valid business reason.

43. This claim is not a collusive action; it brings a real controversy that affects Organic Med Growers, Inc. and seeks to avoid real and palpable irreversible harm to the corporation.

44. Plaintiffs have made efforts to convince the defendants of their wrongdoing, directly to themselves and through their legal representation, and have tried to negotiate in the best interest of Organic Med Growers Inc and the business, but defendants insists, without any valid business reason, in dissolving Organic Med Growers Inc., knowing that they are not a majority, but by fraud.

45. The conduct of the defendant's as officers is contrary to their fiduciary duties and loyalty towards Organic Med Growers, Inc. What is intended is to undermine Organic Med Growers, Inc. and transferring its assets to OMG Puerto Rico LLC, which is a different company, but managed by the same directors that entered to manage illegally Organic Med Growers, Inc. (facts claimed in a separate case, Civil No. 3:20-CV-01258 where we stand that defendants are a minority illegally imposed by them as a majority of shareholders)

46. The plaintiffs' asserts that the co-defendant officers did not adequately represent Organic Med Growers, Inc. interests; codefendants have a clear conflict of interests they are shareholders and officers of OMG Puerto Rico LLC, who is a competitor of Organic Med Growers, Inc.

47. Article 2.03 of the Puerto Rico General Corporations Law of 2009 states as follows:

"Exercise of management for the benefit of the corporation. (14 L.P.R.A. § 3523). The authority and powers conferred on any corporation organized under the laws of the Commonwealth of Puerto Rico or its directors and officers, by law or in the certificate of incorporation or instrument of equal force and vigor, or in the corporate bylaws, shall be enjoyed and shall be exercised by the corporation or by the directors or officers, depending on the case, for the benefit of the shareholders of the corporation and for the prudent management of their businesses and affairs, as well as for the promotion of its objectives and purposes."

A director or administrator who violates these duties is breaking the law and as a consequence is exposed to personal responsibility.

48. The term fiducia is important. As part of corporate law, it has been recognized that the directors and officers are in a fiduciary relationship with the corporation and its shareholders. C.E. Díaz Olivo, *Corporaciones*, San Juan, Publicaciones Puertorriqueñas, 2005. See also *Epstein v. F. & F. Mortgage Corp.*, 106 DPR 211 (1977). This is because in them there is a faith and a trust that must correspond to acts in favor of the best interests of the corporation. L.M. Negron Portillo, *Puerto Rican Corporate Law*, 2nd ed., 1996, p. 212.

49. Co-Plaintiffs Efrain González and Yessennia Candelaria request to assume the representation of Organic Med Growers, Inc. in this lawsuit, because in character, both are the only shareholders of Organic Med Growers, Inc. who have no conflict of interest with as they have no connection whatsoever with OMG Puerto Rico LLC.

50. The plaintiffs have been majority shareholders of Organic Med Growers, Inc. for all period relevant to the present cause of action; willing to negotiate with defendants the best for the corporation, with no other option but to file this lawsuit. They have acted diligently to try to keep abreast the evolution of Organic Med Growers, Inc., economic situation, share it with clean hands before this Court and they are ideal representatives of the company. *Sanfeliz et als. v. Junta de Directores de Firstbank Corporate*, 2015 T.S.P.R. 61; Carlos E. Diaz Olivo, *Corporaciones*, 2016, pag., 422.

51. The precept follows three primary responsibilities that correspond to officers and directors of a corporation. These are: (1) the obligation to act within the framework of its authority, (2) the duty of care, and (3) the duty of loyalty, which in turn appear specifically delineated in the Articles 4.03, 4.04 and 4.05 of the law.[1]

52. Article 4.03 of the Puerto Rico General Corporations Law dictates the director's standard of care on their fiduciary duties. But in any case, their actions can not involve gross negligence, fraud or conflict of interest. EC. Díaz Olivo, *Corporaciones*, San Juan, Publicaciones Puertorriqueñas, 2005, p. 109. Defendants acted with gross negligence, fraud and have conflict of interest.

53. Not complying with these duties inherent in their functions towards the corporation could generate personal responsibility to directors and officers. However, this responsibility will occur exclusively with regard to the corporation and only if it suffers damages as consequence of that brokenness. We respectfully understand that defendants committed gross negligence exercising their duties towards Organic Med Growers, Inc.

54. A Derivative action is an equity-based remedy used to vindicate the rights of a corporation, when the people called to do it don't. J.F. Gierbolini Bonilla, *Derivative action as a mechanism of control and monitoring in Puerto Rico*, 1 U.P.R. Bus. L.J. 81 (2010), p. 82. The shareholder should present it, not to avoid or remedy a damage, injury, breach or abuse towards him, but towards the corporation. The Law of Corporations require that any derivative action be specifically allege in the complaint the condition of plaintiff's shareholder.

55. State law controls the determination of whether an action is derivative or direct in diversity actions brought in federal court. *Sax v. World Wide Press, Inc*., 809 F.2d 610, 613 (9th Cir. 1987) (characterization of an action as derivative or direct question of state law); *Seidel v.*

---

[1] Articles 4.04 and 4.05 of the Puerto Rico General Corporations Law, 14 LPRA § 3564 and 3565, respectively, include the duty of loyalty, as well as the rules associated with conflict of interest.

*Allegis Corp.*, 702 F. Supp. 1409 (N.D. Ill. 1989) (same); *Gadd v. Pearson*, 351 F. Supp. 895 (M.D. Fla. 1972) (same); *Sybold v. Groenink*, 2007 WL 737502, at *5-6 (S.D.N.Y. Mar. 12, 2007).

56. Under Article 7.16. of the Puerto Rico General Corporation Law, the court can appoint a judicial administrator, not only for director's vacancy issues, but for other causes (14 LPRA §3656).

57. Under Article 7.20 of the Puerto Rico General Corporation Law, the court can appoint a special Master to determine the number of shareholders and their percentage of ownership and to supervise the election of the board of directors. (14 LPRA §3670). Plaintiffs believe that such order will resolve in the clarifications of all matters and controversies in the instance case.

58. We request the court to appoint a judicial administrator due to the conflict of interest of defendants and the positions they obtained by fraud. Rule 4.05 of the Puerto Rico General Corporations Law.

59. In addition, the Rules of Federal Procedures authorize federal courts to use any provisional remedy available to state courts in the state the federal court sits in. Rule 64.

60. Under Rule 32 LPRA Apendix V, Rule 56.1 of the Puerto Rico Rules of Civil Proceedings, it gives the court the general principles for provisional remedies; the rule states as follows:

"In all lawsuits before or after sentencing, by motion of the complaining party, the court may issue any provisional order that is necessary to ensure the effectiveness of the sentence. The court may grant the seizure, the seizure of funds in the possession of a third party, the prohibition to dispose of, the claim and delivery of personal property, receivership, an order to make or desist from making any specific acts, or may order any other measure it deems appropriate, according to the circumstances of the case. In every case in which a provisional remedy is requested, the court Rules of Civil Procedure of Puerto Rico considers the interests of all parties and will provide as required by justice."

61. Directors can be criminally liable under the Puerto Rico Penal Code of 2012, as amended, and under US federal law, for acts that constitute theft, fraud, or bribery. For example, the Penal Code establishes a fixed imprisonment term of eight years if a person is found guilty of fraud.

In the case of bribery, the term of imprisonment for the person offering the bribe and for receiving it is eight years. The court could order an investigation by the pertinent Department of Justice division. It is important to seek who was the person that forged forged signatures of Efrain Gonzalez and Yessennia Candelaria in a stockholder's agreement submitted to us by attorney Francisco J. Pavia of McConnell Valdes.

V. SECOND CAUSE OF ACC1ON: ACCOUNTABILITY AND AUDIT

62. All the previously mentioned facts are incorporated by reference to this cause of action.

63. To determine the magnitude of the damage caused to Organic Med Growers, Inc. by the actions of the co-defendants, it is necessary that the court order rendering of account. It is requested. to the Honorable Court that an independent audit of Organic Med Growers, Inc. be ordered by the Court. To these effects, this Honorable Court is requested to order the defendant allow examination and analysis by the plaintiffs of all books and documents of Organic Med Growers Inc. and OMG Puerto Rico LLC.

64. The violation of the fiduciary duties and loyalty by defendants to Organic Med Growers, Inc., which will destroy the corporation business and the corporation itself, amount to damages not less than $6,000.000.00.

VI. THIRD CAUSE OF ACTION: DECIARATORY JUDGMENT. FRAUD AND CONFLICT OF INTEREST; TORTS

65.  All the above alleged facts are incorporated by reference to this cause of action.

66. This Court is requested to issue a judgment that thus declares invalid the Corporate Resolutions and the agreement of stakeholders to merge Organic Med Growers, Inc. with OMG Puerto Rico LLC.

67. We initially pleaded that defendants had no authorization or capacity to remove the plaintiffs as directors of Organic Med Growers, Inc.  The same situation of impediment arises in their act to

15

merge Organic Med Growers Inc. with OMG Puerto Rico LLC.  This action is fraudulent and illegal because co-defendant directors of Organic Med Growers, Inc. acted to merge it with OMG Puerto Rico LLC, an entity in which they are the sole shareholders and directors. In the merging agreement, they stated that Organic Med Growers, Inc. will cease to exist.  The conflict of interest is clear and unequivocal.

68. We respectfully request this Honorable Court to stay all actions and procedures by defendants seeking the merger and dissolution of Organic Med Growers Inc. until the final disposition on of the instant case.

69. Fraud done by a named director. Ronald S. Castillo. At the beginning of negotiations, at the end of year 2019, one of the alleged stockholders, Ronald Steven Castillo was a director of Organic Med Growers, Inc. along with plaintiff Efrain Gonzalez as President. For that time, Mr. Castillo sold his propriety rights ("shares and or participation") in the corporation to four new investors (Roy Chu, George Stadler, Felix Rosa and William Zeichner) for which he receives a first installment $66,666.00. Now, Mr. Castillo is an "alleged stockholder" of Organic Med Growers, Inc, aside with the first group represented by McConnell Valdes that are using the nonexistent shares of Castillo to allege majority. They are doble counting Mr. Castillo's alleged shares or participation in order to justify their erroneous position of having a majority.  With such illegal and fraudulent act, the "alleged stockholders" held a meeting under Rule 7.17 of the Puerto Rico General Corporations Act to remove Efrain Gonzalez and Yessenia Candelaria from the Board of Directors, by majority votes, overpassing the unanimous requirement to elect a new Board of Directors when the positions are not vacant as stated in Rule 7.01 of the Puerto Rico General Corporations Act. The fraudulent act of Ronald S. Castillo is criminally liable. His liability with the corporation is for more than $3,000,000.00 and to Efrain Gonzalez and Yessennia Candelaria for $3,000,000,00.

70. Also, Juan Alvarez, was an employee of PDP, a medical clinic, owned by Efrain Gonzalez, and requested Juan Alvarez to incorporate Organic Med Growers, Inc. Mr. Alvarez presented documents that were inconsistent with the assignment Efrain Gonzalez gave to him. McConnell attorney Francisco J. Pavia provided us a document supposedly used at the Department of State and or/ the Department of Health with information on percentages participations or shares of the initial officers.  Efrain Gonzalez noticed that his signature was forged; also his wife noticed that her signature was forged. Our expert witness also states that their signatures were forget. **EXHIBIT 7**. Juan Alvarez assigned himself shares of the Organic Med Growers, Inc. The fraudulent act of Juan Alvarez is criminally liable. His liability with the corporation is for more than $3,000,000.00 and to Efrain Gonzalez and Yessennia Candelaria for another estimated sum of $3,000,000,00.

71. Efrain Gonzalez and Ronald S Castillo submitted a corporate resolution at the Department of State where they stated that Juan Alvarez was not President of the corporation and had no shares. **EXHIBIT 8**

72. Using Juan Alvarez and Ronald S Castillo, who are not shareholders of Organic Med Growers, Inc., Defendants have changed the Organic Med Growers, Inc. structure causing damages to the corporation and depriving Efrain Gonzalez and Yessennia Candelaria of their property rights in Organic Med Growers, Inc.  And now, the same illegal alleged majority pretend to merge Organic Med Growers Inc with OMG Puerto Rico LLC to take the assets of Organic Med Growers Inc business.

73. The violation of the fiduciary duties and loyalty by defendants to Organic Med Growers, Inc., which will destroy the corporation business and the corporation itself, will also inflict economic damages to Efrain Gonzalez and Yessennia Candelaria which amount to damages not less than $3,000.000.00.

74. The fraudulent acts and tortious behavior done by defendants are compensated under Article 1802 of the Puerto Rico Civil Code.

VII.   FOURTH CAUSE OF ACTION: DISQUALIFICATION OF DEFENDANTS LEGAL REPRESENTATION

75. The law offices of McConnell Valdes, through Francisco J. Pavia, Esq., represented co-defendants Martin Aviles, Jeff Swetnam, Ray Pitre, Jorge Stadler, and Felix Rosa, in negotiations of either, to sell their property rights in the corporation to plaintiffs or trying to buy the property rights of the plaintiffs in the corporation or to get new investors.

76. The office of McConnell Valdes has appeared as attorney of record for Organic Med Growers, Inc.

77. As legal representative of both; of codefendants Martin Aviles, Jeff Swetnam, Ray Pitre, Jorge Stadler, and Felix Rosa, who are also the shareholders and directors of OMG Puerto Rico LLC, they cannot objectively fulfill the ethical duties to Organic Med Growers, Inc. nor can they avoid the clear and unequivocal conflict of interest created by the simultaneous or successive legal representation of both, the shareholders, the directors and Organic Med Growers, Inc. *Liquilux v. Berrios*, 138 DPR 850.

78. Even the legal reps of the defendants contacted Efrain Gonzalez, sending him a contract for his approval. But the agreement did not involved Efrain Gonzalez or Yessennia Candelaria participations.  It was the minority proposal to sell their 49%, and did not include Juan Alvarez or Ronald S. Castillo.

79. Furthermore, negotiations between Efrain Gonzalez and the minority group did not prosper.

80. At the beginning of negotiations, at the end of year 2019, one of the alleged stockholders, Ronald Steven Castillo was a director of Organic Med Growers, Inc., along with plaintiff Efrain Gonzalez, who was also an officer. For that time, Mr. Castillo sold his propriety rights in the

corporation to four new investors. Now, Mr. Castillo is an "alleged stockholder" of Organic Medical Group, Inc., aside with the first group represented by McConnel Valdes that are using the nonexistent stocks of Castillo to allege majority (duplication of participation). With such illegal and fraudulent act, the "alleged stockholders" held a meeting under Rule 7.17 of the Puerto Rico General Corporations Act to remove Efrain Gonzalez and Yessenia Candelaria from the Board of Directors, by majority votes, overpassing the unanimous requirement to elect a new Board of Directors when the positions are not vacant as stated in Rule 7.01 of the Puerto Rico General Corporations Act.

81. After the illegal act electing a new Board of Organic Med Growers, Inc., the directors named McConnell Valdes as their legal representatives for the corporation.

82. Then, under the legal representation of McConnell Valdes, the board of directors of Organic Med Growers, Inc. created OMG Puerto Rico LLC and merged both corporations, with the intention to destroy McConnell Valdes client, Organic Med Growers, Inc.

83. This simultaneous representation by McConnell is not ethically correct. *Liquilux v. Berrios*, 138 DPR 850. We respectfully request the disqualification of McConnell Valdes as legal representative of Organic Med Growers, Inc. for conflict of interest.

84. We respectfully request a jury trial.

**WHEREFORE**, it is requested from this Honorable Court that declares the present claim admissible and that, consequently: (1) allow plaintiffs Gonzalez and Candelaria to act on behalf of Organic Med Growers, Inc. as they are the only shareholders of the corporation that have no conflict of interest with OMG Puerto Rico LLC; (2) issue a cease and desist order and/or against the individual defendants, prohibiting them from continuing their actions directed at the economic impairment and dissolution of Organic Med Growers, Inc., and forbid OMG Puerto Rico LLC continue to use the assets belonging to Organic Med Growers, Inc., particularly the transfer of Organic Med Growers, Inc.

licenses to OMG Puerto Rico LLC; (3) order a judicial administrator for Organic Med Growers, Inc. until the final disposition of the instant case; (4) order the rendering of accounts and books of Defendants; (5) condemn Martin Aviles, Jeffrey Swetnam, Ray Pitre, George Stadler, Roy Chu, Juan Alvarez and Ronald S. Castillo and their spouses their conjugal partnerships; and OMG Puerto Rico LLC, in solidarity payment of $6,000,000.00 to Organic Med Growers, Inc, for fraud, breach of their duties, fiduciary and loyalty, a tortious behavior. under Article 1802 of the Civil Code; (7) in the. alternatively, provide the remedies requested in the preceding paragraph and; (8) condemn OMG Puerto Rico LLC to return Organic Med Growers Inc any appropriated assets, which are valued at more than $6,000.000.00; and (9) any other remedy that this Court can pronounce.

In Mayagüez, Puerto Rico, this September 16, 2020.

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I hereby certify that on this same date I electronically filed the forgoing motion with the Clerk of the Court using the CM/EFC System, and have sent a copy of this motion to Justo R. Sanchez Barea, Esq attorney for the Commonwealth of Puerto Rico in the state case, via E-Mail jsanchez1@justicia.pr.gov and Mario J. Garcia Incera Esq.; mgarinc@hotmail.com

In Mayagüez, Puerto Rico, this September 16, 2020.

/S/Gerardo González-Román

USDC-PR 209314

PO Box 1421

Boquerón, Puerto Rico 00622

(787)643-3730

jerrygon6004@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

EFRAIN GONZALEZ DROZ; Et. Als.
Plaintiffs

v.

OMG PUERTO RICO LLC; Et Als.
Defendants

CIVIL NO.

INJUNCTION; CEASE AND DESIST; RECEIVERSHIP AND / OR JUDICIAL ADMINISTRATION; DERIVATIVE ACTION; ACCOUNTABILITY; FRAUD; VIOLATION OF FIDUCIARY DUTIES; TORTS; DECLARATORY JUDGEMENT; DISQUALIFICATION OF LEGAL REPRESENTATIVES

### UNSWORN STATEMENT UNDER PENALTY OF PERJURY
### PURSUANT TO 28 U.S.C. §1746

We, EFRAIN GONZALEZ and YESSENNIA CANDELARIA, of legal age, married to each other, and residents of Rockling, California, declare under penalty of perjury that we have read the foregoing Complaint and its supporting exhibits and that, to the best of our knowledge and belief and/or pursuant to information and documents reviewed during the initial investigation of the facts, all allegations herein contained are true and correct.

EFRAIN GONZALEZ

YESSENNIA CANDELARIA